UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERRY POOLER                                                CIVIL ACTION

VERSUS                                                      NO. 12-949

BURL CAIN                                                   SECTION "I"(5)

## TRANSFER ORDER

Petitioner, PERRY POOLER, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2001 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The State withheld Brady material in the form of a withheld report stating that Pooler "requested counsel" which was material to the suppression of the statements issue raised both before and after trial; the state also withheld reports that impeach[ed] Lt. Camelo, and Frank Prine's identification testimony; and statements that support the defense that Cory Marshal procured someone other than Pooler to commit the murders, in violation of the Fifth, Sixth, and Fourteenth Amendment.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Perry Pooler v. Burl Cain, Civil Action 06-338 "I"(5). In that petition, petitioner raised the following grounds for relief:

1) The trial court erred in not providing the defense with access to Lieutenant Camelo's notes after Camelo referred to those notes to refresh his recollection at trial;

2) The trial court erred in allowing information obtained as a result of co-defendant Simon Hutchinson's suppressed statement to be used against petitioner at trial without affording petitioner with an opportunity to cross-examine Hutchinson;

3) The trial court erred in allowing the State to use petitioner's inculpatory statements to police against him at trial;

4) He was denied effective assistance of counsel;

5) Testimony regarding the theft of Frank Prine's vehicle should not have been allowed absent a <u>Prieur</u> hearing;

6) Evidence was insufficient to support a finding of guilt with regard to the murder of Ja'Cory Marshall;

7) The State withheld exculpatory evidence in violation of <u>Brady</u>;

8) He was unconstitutionally denied necessary funds to prepare an adequate defense;

9) The trial court improperly granted the State's voir dire challenges for cause and improperly denied defense counsel's challenges for cause.

That petition was dismissed with prejudice on the merits by Judgment entered August 25, 2009. Petitioner appealed. His motion for a certificate of appealability was denied. (Rec. Doc. No. 53). He then sought a writ of certiorari to the United States Supreme Court, which was denied. (Rec. Doc. No. 54).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2

2)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that PERRY POOLER's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this \_\_\_4th\_\_\_ day of _____May_____, 2012.

_____
UNITED STATES DISTRICT JUDGE